# CHARLESTON.

Logan County Bus Company *v.* Howard Ellis *et al.*

(No. 5163)

Submitted September 22, 1925. Decided October 6, 1925.

1. Carriers—*After State Road Commission Grants Permit to Transport Passengers by Motor Vehicle for Hire Over Public Roads, Another Taxi Driver, Holding Only Ordinary Certificate of Convenience, May be Enjoined From Operating Car for Hire Over Such Route or Substantially Part Thereof, Except as Incident to Ordinary Hiring Business.*

    When the State Road Commission has granted a permit to an applicant to transport passengers by motor vehicles for hire, over a regular route between fixed termini, another taxi-driver holding merely the ordinary certificate of convenience to haul passengers for hire, may be enjoined (a) from operating his car for hire over such route or over any substantial part thereof, except as an incident to his ordinary hiring business, and (b) from soliciting patrons or business at either terminus of such route or any point along the same with the intent to carry persons or property regularly

over such route or any substantially similar route.     But such taxi-driver has the right to haul for hire passengers or property over such route or to or from any place thereon, whenever it is necessary to traverse the same as an incident to his ordinary hiring business.

Appeal from Circuit Court, Logan County.

Suit by the Logan County Bus Company against Howard Ellis and others for an injunction.  From a restraining order, defendants Babe Ellis and Millard Ellis appeal.

*Modified and affirmed.*

*Hicks & Chambers,* for appellants.

HATCHER, JUDGE:

This is an appeal from a restraining order entered by the Circuit Court of Logan County against two of the defendants, Babe Ellis and Millard Ellis.

The State Road Commission had granted plaintiff two several permits for the public transportation of passengers for hire, by motor vehicles, over the public highways between fixed termini in Logan County.  The commission had also issued a certificate of convenience to each of the defendants to operate motor vehicles for public transportation of passengers for hire over the public highways of Logan County. The bill charged that the defendants were soliciting and transporting passengers between the fixed termini mentioned in plaintiff's permits.  The answer denied that the defendants solicited passengers, but admitted the transportation of passengers over the established routes as an incident to their ordinary hiring business.  Both bill and answer were supported by affidavits.  The decree complained of is in part as follows:

> "That, until the further order—Babe Ellis and Millard Ellis—be, and they—hereby are—enjoined from—soliciting any persons or person for transportation by motor vehicle for hire upon or over either of the regular routes of public road mentioned in the plaintiff's bill;—except insofar as such solicitation applies to passengers proposed to

be hauled over said regular routes as a part of
the route to be traversed in transporting such pas-
sengers over public roads not included within the
aforesaid regular routes. And the said defend-
ants—are likewise—enjoined from transporting
any passenger or passengers by motor vehicle for
hire upon or over either of said regular routes, or
any part thereof, except as it may be necessary to
traverse the same as an incident to their ordinary
business of transporting passengers for hire upon
and over the public roads other than that portion
of said public roads included within the aforesaid
routes.

And the said defendants—are likewise restrained,
inhibited and enjoined from picking up or taking
on for transportation by motor vehicle for hire,
any passenger or passengers at points upon or
along either of the aforesaid regular routes.''

The plaintiff filed no brief and made no appearance in
this court. The defendant's brief contends that if a patron
either by phone or in person requests transportation over
the scheduled routes or to or from some place between the
fixed termini, they had the right under their certificates of
convenience to perform such service as incidental to their
business. They do not claim the right to solicit patrons at
either terminus or along the established routes with intent
to operate regularly over the same.

In authorizing the issuance of permits to operate vehicles
for hire over the streets and highways within this state, the
Legislature provided that the State Road Commission should
adopt rules and regulations relative thereto. Section 82,
Class I, Ch. 43, Barnes Code, 1923. Pursuant to that author-
ity the commission adopted and published a rule which be-
came effective July 26, 1923, regulating competition on routes
established between fixed termini. This rule is in part as
follows:

''—No car for hire shall be operated along or
over any route established by the commission as a
regular route by the issuance of a permit to any
person or persons, association or corporation, or
over any substantial part thereof (except as it

may be necessary to traverse the same as an incident to its ordinary hiring business). No operator or person in charge of a car for hire shall solicit patrons or business at either terminus of any such established route, or at any point along the same, with intent of carrying persons or property regularly over any established route or substantially similar route.''

The interest of the public requires that the holders of permits to transport passengers over an established route be protected in their business from unauthorized competition. But it is not the purpose of the law to create in such licensees an absolute monopoly of transportation over the scheduled routes, as the order in this case has virtually done. The order is too restrictive. It will therefore be modified to conform to the rule of the State Road Commission and the defendants enjoined from operating their cars for hire over the routes mentioned in plaintiff's bill or over any substantial part thereof, except as it may be necessary to traverse the same as an incident to their ordinary hiring business, and from soliciting patrons or business at either terminus of the established routes or at any point along the same with intent to carry persons or property regularly over the established routes or a substantially similar route.

As so modified the decree of the lower court will be affirmed.

*Modified and affirmed.*