# CHARLESTON.

Charleston-Ripley Bus Company *v.* Dewey Shafer *et als.*

(No. 5801)

Submitted March 1, 1927.   Decided March 8, 1927.

Carriers—*Taxi Driver Holding H-3 Permit May Receive Passengers on H-1 Route Only if Theretofore Hired for Specific Trip and Not Within 200 Feet of "Stop" Building (Acts 1925, c. 17, § 82).*

Sec. 82, Ch. 17, Acts of 1925, forbids a taxi driver, holding a permit under Class H-3, to solicit or receive passengers along a route for which a permit has been granted another to operate motor vehicles under Class H-1. This rule is subject, however, to one exception. When a passenger has theretofore employed a taxi driver to make a specific trip, the taxi-driver may receive such passenger at any place on the route not within two hundred feet of a building owned or maintained as a designated stop by the holder of the Class H-1 permit.

(Carriers, 10 C. J. § 1069 [Anno].)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Litz, Judge, absent.

Appeal from Circuit Court, Kanawha County.

Suit by the Charleston-Ripley Bus Company against Dewey

Shafer and others for an injunction. From a judgment for plaintiff, defendants appeal.

*Affirmed.*

*A. M. Belcher,* for appellants.
*Elmer L. Stone,* for appellee.

Hatcher, President:

The plaintiff operates a motor bus line between Charleston and Pocatalico, Kanawha county, under a Class H-1 permit from the State Road Commission. The defendants operate taxicabs under Class H-3 permits from the Commission. (See Sec. 82, Ch. 17, Acts of 1925.)

This suit, brought in the circuit court of Kanawha county, seeks to enjoin the defendants from alleged improper use of plaintiff's route. Upon a large volume of testimony inferentially conflicting, the circuit court found in favor of the plaintiff and granted the relief sought. We cannot say that the finding on the evidence was clearly wrong. Consequently, in accordance with numerous decisions of this court, that finding will not be disturbed. *Dickinson* v. *Rand,* 102 W. Va. 575.

The defendants admit that the injunction granted is not inconsistent with the statutory inhibitions, except as to one clause, which enjoins them ''from receiving passengers or patronage elsewhere (than within two hundred feet of a building owned or maintained as a designated stop by plaintiff) on or along said route with intent to carry passengers for hire, except when privately theretofore employed for the specific trip for the carrying of such passengers.''

The defendants contend that this clause is contrary to the law regulating such matters as amended by the Acts of 1925. The amendment to which they refer is:

> ''All vehicles operating under the provisions of Class H-3, shall operate from a stand or stands and the Road Commission shall have power to grant a certificate to any applicant who operates from a stand or stands and who does not propose to operate upon a regular schedule, but who is privately employed for a specific trip and who will not

solicit or receive passengers along a route for which
a certificate of convenience has been granted by the
State Road Commission for the operation of ve-
hicles operating under Class H-3 may receive pas-
sengers along routes for which a certificate of con-
venience has been granted, but not at or within two
hundred feet of any building owned or maintained
as a designated stop; and, provided further, that
the charge made by such persons operating under
Class H-3 for such services when rendered over
a route for which a certificate of convenience has
been granted shall not be greater than the rate
charged by the holder of such certificate of con-
venience.''   Sec. 82, Ch. 17.

The defendants construe the statute as meaning in this case
that whenever employed privately for a specific trip to or
from a place on plaintiff's route, then while on that trip they
may receive other passengers along the route, who voluntarily
hail them at points not within two hundred feet of any build-
ing maintained by the plaintiff as a designated stop.

In granting permits to use the roads of the state, the Legis-
lature has deemed it expedient to classify motor vehicles ac-
cording to the manner of the use, and to exact license fees
according to that classification.   This right to classify is be-
yond question.   *Carson* v. *Woodram,* 95 W. Va. 199.   Class
H-1 vehicles operate for transportation of passengers over
regular routes upon regular schedules between fixed termini
and at fixed prices.   Class H-3 vehicles have no regular routes,
no regular schedules, no fixed termini and no fixed fares.
They operate only for specific trips when privately employed.
Class H-1 vehicles necessarily use the roads much more than
those of Class H-3; consequently, the Legislature has set a
higher charge for permits under the former than the latter.
In the present case the plaintiff paid $1360.04 for its permit
to operate two busses; the defendants paid $225.00 for their
permits to operate three taxicabs.

Since the amount of the license exacted depends on the
classification, and the classification determines the use, it is
clear that operators under one class have no right to make a
use of the roads reserved by statute for operators of another

class. In order to prevent Class H-3 operators from exceeding the use purchased by them and prescribed to them, and to protect Class H-1 operators in the use for which they have paid, the Legislature of 1925 has expressly forbidden Class H-3 operators to solicit or receive passengers along Class H-1 routes. Keeping in mind the only use of the roads allotted to Class H-3 operators, *the use for a specific trip,* it is manifest that the provisions in the statute permitting them to receive passengers along Class H-1 routes, cannot be given the construction urged by defendants. To do so would permit Class H-3 operators to receive along a Class H-1 route passengers who had not employed them *for the specific trip.* Receiving such passengers would be incidental to the trip and not the object of the trip, as the statute requires. That construction would give greater weight to an exception to the rule than to the rule itself. It would enlarge the rights of Class H-3 operators beyond that expressly fixed by legislative classification. It would authorize a use of the roads which they had not purchased from the state, but which the state had sold to another. It would concede to them a roving commission over a Class H-1 route, and virtually enable them to do a Class H-1 business on a Class H-3 permit.

Since the legislative restrictions of Class H-3 operators are clearly intended to protect Class H-1, we should give to the statute a construction which will accomplish that purpose. *Hood* v. *Wheeling,* 85 W. Va. 578. We therefore hold that the provision above referred to, lifts the ban against receiving passengers on a Class H-1 route, only to the extent that a Class H-3 operator may receive thereon a passenger who has employed him for that specific trip. This exception is inoperative, of course, within 200 feet of a building maintained by a Class H-1 operator as a designated stop.

*Bus Co.* v. *Ellis,* 100 W. Va. 32, is invoked by defendants because of a declaration in the opinion that the law did not confer on a bus company a monopoly of transportation over its route. That declaration referred to the law as it was under the Acts of 1923. That law has been changed by the Acts of 1925. The later enactments brook no infringment by Class H-3 on Class H-1. The Acts of 1925 confer on Class H-1 a

monopoly of motor vehicle passenger transportation along Class H-1 routes, subject to the one exception noted.

The judgment of the circuit court is therefore affirmed.

*Affirmed.*